ÆTNA LIFE INSURANCE COMPANY, APPELLEE, v. FRANK WORTASZEWSKI, APPELLANT.

FILED JANUARY 22, 1902.   No. 10,790.

1. **Judicial Sale: NOTICE: NEWSPAPER.** Notice of a judicial sale is not invalid because the newspaper in which it was inserted, although published in the proper county, was partly printed outside of such county.

2. ——: ——: SHERIFF'S RETURN: ADVERTISEMENT: OBJECTION. Where a sale of land under a decree of foreclosure was advertised to take place on a certain day and hour, and the sheriff's return shows that it was held at that time, an objection that there were other sales set for the same time will be of no avail.

APPEAL from the district court for Sherman county. Heard below before SULLIVAN, J. *Affirmed.*

*Long & Mathew,* for appellant.

*Samuel J. Tuttle, contra.*

SULLIVAN, C. J.

This is an appeal from an order confirming a judicial sale. One of the grounds upon which the defendant opposed confirmation was that the paper in which the notice of sale was inserted, although published in Sherman county, was not printed therein. This question, strange as it may seem, was raised once before. In *Nebraska Land, Stock-Growing & Investment Co. v. McKinley-Lanning Loan & Trust Co.,* 52 Nebr., 410, it was presented to the court and decided. In the opinion, which was written by IRVINE, C., it is said: "We do not think that the word 'print' was by the legislature used in the specific and somewhat technical sense of designating the purely mechanical act of impressing the characters upon the paper. The object of the statute was to give notice, and if the legislature had the distinction at all in view it would not for that purpose have selected the place of printing instead of that of publication. 'Print' is familiarly used in the sense of 'publish,' and in that sense the word receives recognition in many if not all of the dictionaries, and in that sense we are satisfied the legislature used it." To these remarks nothing need be added. The objection was without merit and was properly overruled.

Another argument against the validity of the sale is that it was one of seven advertised to take place on June 28, 1898, at 2 o'clock P. M. This, of itself, was clearly no reason why the motion for confirmation should be denied. There is nothing in the record to indicate that defendant's property was not offered for sale and sold at the time named in the notice. And there is no presumption that

the sheriff failed to discharge his official duty or that the defendant has been deprived of any legal right. The order of confirmation is

AFFIRMED.

NOTE.—Newspaper.—Definition.   *Hanscom v. Meyer*, 60 Nebr., 68.